LOCAL OIL COMPANY, INC. v. CITY OF ANOKA
AND OTHERS.
WILLIAM W. WEAR, APPELLANT.

225 N. W. 2d 849.

January 31, 1975—No. 44858.

*Thomas E. Collins*, for appellant.
*Edward E. Coleman* and *Gerald M. Randall*, for respondent city.

Heard before Otis, Rogosheske, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Appeal from a judgment denying a mechanics lien claim or in the alternative a money judgment claim of appellant, William W. Wear, against respondent, city of Anoka. This appeal challenges only the court's denial of appellant's claim for a money judgment.

Plaintiff, Local Oil Company, Inc., brought action to recover the reasonable value of certain diesel fuel and oil furnished for use in the operation of a sanitary landfill upon lands owned by the city of Anoka and leased to defendant Automatic Reductions Systems, Inc. The action sought foreclosure of a mechanics lien or in the alternative a money judgment. Appellant was named as a defendant in the action, and in his answer he sought recovery of $8,300 representing the claimed rental value of excavating machinery alleged to have been furnished by him to the lessee and used in the landfill operations. As grounds for recovery, appellant alleged a mechanics lien claim filed against the landfill property pursuant to Minn. St. 514.01 or in the alternative a money judgment against the city under § 574.28 because of the city's failure to require a bond prescribed by § 574.26 for the protection of the city and persons furnishing skill, tools, machinery, or materials in the performance of a "contract" with a municipality "for the doing of any public work." In denying any recovery against the city, the trial court found that the arrangement between the city of Anoka and the corporate lessee named in the lease constituted a "lease situation and not a contract within the contemplation of M.S.A. 574.26, and it was not necessary for the City of Anoka to require the lessee to furnish a bond." [1] Conceding that the city property which the court found was "being used for a public purpose" is nonlienable, appellant argues that the lease was a contract, and that § 574.26, designed to protect materialmen, should be held to afford a basis for a money judgment against the city since the city admittedly failed to require the furnishing of a bond by the lessee-operator of the landfill.

Our ability to review the trial court's decision is frustrated by the lack of any evidence to support an essential finding that the machinery furnished by appellant was in fact used in the landfill operation. Although the court's finding that appellant "leased certain machinery * * * for use on the premises" may by implication be intended as such a finding, it is utterly without evidentiary support. Moreover, the pleadings raise this fact issue, and the city, having no knowledge of the

---

[1] The court did award appellant a money judgment against the lessee-defendant but found that the corporate defendant "appears" to be "insolvent or bankrupt or non-existent."

claimed use, would not concede the fact on oral argument. Compounding the deficiencies of the record is the court's determination that the written lease is not a contract for the doing of any public work despite the acknowledgment at oral argument that the lease was not put into evidence. Assuming that the lack of proof of the use of the machinery was merely an oversight occasioned by the parties' efforts to stipulate the facts and the distraction of the issue concerning the personal liability of defendant Guy A. Drake, surely a written lease, under general principles of law, is a contract. Whether, as a form of contract, the lease in question is a contract for the "doing of any public work" within the meaning of § 574.26 cannot be answered on this appeal without the lease being part of the record. While we disclaim any resolution, or indeed any indication of our views as to that issue, we believe the interests of justice would be best served by a remand for reconsideration by the trial court upon the stipulation of facts and the evidence which have been submitted and upon such additional evidence as the parties may produce. See, City of Eveleth v. Ruble, 302 Minn. 249, 225 N. W. 2d 521 (1974); National Farmers Union Property & Cas. Co. v. Nyborg, 290 Minn. 191, 186 N. W. 2d 702 (1971); Inland Products Corp. v. Donovan Inc. 240 Minn. 365, 62 N. W. 2d 211 (1953).

Reversed and remanded.